# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| John Adesalu<br>4889 Royal Coachman Drive<br>Elkridge, MD 21075<br><br>v.<br><br>Kevin J. Martin, Chairman, Federal<br>Communications Commission<br>445 12th St., SW<br>Wash., DC 20554<br><br>Defendant. | Jury Trial Demanded<br><br>Case No. |

## COMPLAINT

Plaintiff, John Adesalu, by and through his undersigned counsel, complains of the defendant as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction and venue is proper because Plaintiff was employed by Defendant in the District of Columbia, more than 180-days have passed since Plaintiff filed his formal EEO complaint of discrimination with the Defendant, and this case was filed within 90-days of the date that Plaintiff received a decision from EEOC in regards to his appeal of an administrative decision in his case..

### THE PARTIES

2. Plaintiff, John Adesalu resides at 4889 Royal Coachman Drive, Elkridge, MD 21075.

3. On information and belief, Defendant Kevin J. Martin, Chairman, Federal Communications Commission, is named in his official capacity as the chairman/secretary of the agency that employs Plaintiff within the U.S. government.

## FACTS

4. This action is filed under Title VII of the Civil Rights Act of 1964 and alleges that Defendant discriminated against Plaintiff on the basis of his race (African), color (black), and national origin (Nigeria).

5. Plaintiff is a Black male of Nigerian national origin.

6. Plaintiff is the only Industry Economist within the Industry Analysis and Technology Division ("IATD") of the Federal Communications Commission ("FCC") that is either Black or of Nigerian national origin.

7. Plaintiff has been employed as an Industry Economist within the Industry Analysis Division ("IAD") (subsequently renamed as "IATD") of the FCC for over 10 years.

8. The IATD is essentially the same entity as the IAD, but with a new name and a few additional employees.

9. Plaintiff's supervisors are white males.

10. Plaintiff has been at the same GS-13 grade for over ten years, while other Industry Economists who were not Black and were not from Nigeria have been promoted during this time.

11. Prior to March 24, 2002, the IAD promoted Industry Economists non-competitively to GS-14 levels and higher through accretion of duties.

12. Plaintiff has a similar professional background and education as the promoted individuals and has more experience at the FCC, which at least equally qualified Plaintiff for a promotion.

13. None of the positions to which other Industry Economists that were not Black and/or not Nigerian were promoted required a Ph.D. and at least one Industry Economist that was promoted did not have a Ph.D.

14. All of Plaintiff's performance appraisals for the last ten years with the FCC rate him as having "successfully performed [his] assigned duties and responsibilities in further the mission and goals of the Federal Communications Commission."

15. Plaintiff has never been issued a performance improvement plan by any of his supervisors within the Agency.

16. In 1995, Plaintiff's then-supervisor recommended him for promotion to the highest grade possible within his career ladder, stating, "[S]ince he has begun working with this Division, John has taken on a number of significant projects and has performed at above satisfactory levels."

17. Plaintiff was the recipient of an Individual Superior Achievement Award in August 2003 for his service to internal and external customers regarding the SOCC and DSL tariff monitoring and for his contribution to the Agency Mission.

18. Plaintiff also received a Wireline Competition Bureau Special Achievement Award for "outstanding contributions to the work and mission of the Bureau" on October 25, 2004.

19. Plaintiff could be promoted to a higher GS level either through accretion of duties or by applying for a competitive vacancy.

20. Plaintiff applied for three competitive Industry Economists vacancies at the GS-14 and GS-14/15 levels within the FCC on January 25, 2002, March 9, 2004 and July 15, 2004.

21. On information and belief, the records pertaining to the vacancy announcements have all likely been destroyed by the Defendant.

22. Pursuant to Agency regulations regarding the documentation and closure of competitive promotion procedures, "the promotion file will be maintained by the Employer for at least one year."

23. Plaintiff requested progress meetings and met with his supervisors, on numerous occasions to discuss his accomplishments and to obtain a promotion through accretion of duties. Additionally, Plaintiff initiated work on various projects, including a large research project, with the express purpose of obtaining a promotion upon successful completion.

24. During several meetings to discuss a promotion, Plaintiff's supervisors, told him that in order to get promoted via accretion of duties, they expected more work product and assigned him new projects. Plaintiff quickly completed those projects, but did not receive a promotion.

25. Plaintiff's supervisors impeded Plaintiff's ability to obtain a promotion through accretion of duties by under-utilizing his skills and abilities. On numerous occasions, Plaintiff requested to be assigned to higher profile projects. Despite Plaintiff's requests, these projects were assigned to white and non-Nigerian Industry Economists and have resulted in career advancement opportunities for some of them.

26. Plaintiff's supervisor has made untrue and deprecating statements about Plaintiff to others within the IAD and the IATD, with the aim of denying Plaintiff a promotion.

27. Sometime in May or June 2004, Plaintiff's supervisor promised Plaintiff that he would be promoted in two years if he worked hard and continued working on the statistical tables for the annual publication of the SOCC.

28. Plaintiff completed the tasks required, but at a meeting on December 2, 2005, the supervisor told him that he would not promote him.

29. Plaintiff's supervisor, as the then acting Chief of the IATD, had the ability and the authority to recommend Plaintiff for a promotion, but he did not do so.

30. Plaintiff has been subjected to a continuing violation of his civil rights.

31. Plaintiff has sustained damages as a result of the alleged unlawful conduct by way of lost and future wages/benefits, pain and suffering, emotional distress, and mental anguish.

## COUNT 1

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31.

33. By and through its conduct, Defendant discriminated against Plaintiff based on his race in violation of Title VII of the Civil Rights Act of 1964.

34. Plaintiff demands a trial by jury.

## COUNT 2

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-34.

36. By and through its conduct, Defendant discriminated against Plaintiff based on his color in violation of Title VII of the Civil Rights Act of 1964.

37.  Plaintiff demands a trial by jury.

### COUNT 3

38.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1-44.

39.  By and through its conduct, Defendant discriminated against Plaintiff based on his national origin in violation of Title VII of the Civil Rights Act of 1964.

40.  Plaintiff demands a trial by jury.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

WHEREFORE, Plaintiff demands judgment on Counts 1-3 and seeks lost and future wages/benefits, compensatory damages for pain and suffering, mental anguish, emotional distress, in amounts to be determined by a jury but not less than $300,000 on each count, plus interest, costs, the amount of tax on award and reasonable attorney's fees.

Date: December 4, 2007

_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Alan Lescht & Associates, PC
1050 17th Street, N.W., Suite 220
Washington, DC  20036
Tel (202) 463-6036
Fax (202) 463-6067

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
John Adesalu, 4889 Coachman Drive, Elkridge, MD 21075

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Kevin J. Martin, Chairman, Federal Communications Commission, 445 12th St., SW, Wash., DC 20554

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Alan Lescht, Esq.
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 220
Wash., DC 20036
202-463-6036

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
● 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)  OR  ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination* <br> ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br><br><br> *(If pro se, select this deck)* | ○ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ○ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ○ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Employment discrimination in violation of Title VII of the Civil Rights Act in terms of promotions

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 300000    Check YES only if demanded in complaint
**JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE 12/4/2007    SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

    I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

    III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

    IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

    VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

    VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.