UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN ADESALU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-2187 (PLF) |
| | ) |
| KEVIN J. MARTIN, CHAIRMAN, | ) |
| FEDERAL COMMUNICATIONS | ) |
| COMMISSION | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Kevin J. Martin, Chairman, Federal Communications Commission, by and through undersigned counsel, hereby answers plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant answers the numbered and unnumbered paragraphs of the Complaint as follows:

### COMPLAINT

This unnumbered paragraph contains plaintiff's characterization of this action to which no response is required.

**JURISDICTION AND VENUE**

1. This paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required.

**THE PARTIES**

2. Defendant admits the allegations contained in this paragraph upon information and belief.

3. This paragraph contains plaintiff's characterizations of his Complaint and/or conclusions of law to which no response is required, except defendant admits that Kevin J. Martin is presently Chairman of the Federal Communications Commission (FCC) and plaintiff is a FCC employee.

**FACTS**

4. This paragraph contains plaintiff's characterization of his Complaint and/or conclusions of law to which no response is required.

5. Defendant admits the allegations contained in this paragraph upon information and belief.

6. Defendant admits the allegations contained in this paragraph upon information and belief.

7. Defendant admits that plaintiff has been employed in the FCC's Industry Analysis and Technology Division (IATD) since March 24, 2002, and that plaintiff was previously employed in the FCC's Industry Analysis Division (IAD).

8. Defendant denies the allegations contained in this paragraph.

9. Defendant admits that plaintiff's first-level and second-level supervisors are

Caucasian males.

      10.     Defendant admits that plaintiff has been employed at the GS-13 level for more than ten years, but notes that he has received within-grade (step) increases during that time period. Defendant admits that other Industry Economists who are not Black and not of Nigerian national origin have received promotions during that time period.

      11.     Upon information and belief, an Industry Economist in IAD was promoted to the GS-15 level non-competitively via an accretion of duties prior to March 24, 2002.

      12.     Defendant is unable to respond to the allegations contained in this paragraph because they are vague and unclear, inter alia, because they fail to identify the "promoted individuals" at issue, or the position(s), grade level(s), or FCC office(s) or bureau(s) to which these individuals were allegedly promoted.

      13.     Defendant is unable to respond to the allegations contained in this paragraph because they are vague and unclear, inter alia, in failing to identify the "Industry Economists" at issue or the position(s), grade level(s), or FCC office(s) or bureau(s) to which these individuals were allegedly promoted.

      14.     Plaintiff's performance appraisals during his "last ten years with the FCC" speak for themselves.

      15.     Defendant admits that plaintiff was not placed on a performance improvement plan during his tenure with IATD or IAD.

      16.     Defendant admits that one of plaintiff's supervisors in October 1995 sent an e-mail recommending that plaintiff be promoted to the top of his career ladder; that e-mail speaks for itself.

17. Defendant admits that plaintiff received an award in August 2003; that award speaks for itself.

18. Defendant admits that plaintiff received an award in October 2004; that award speaks for itself.

19. Defendant admits that plaintiff could be promoted by accretion of duties or by applying and being selected for a competitive vacancy provided that he satisfied the applicable requisite criteria for promotion.

20. Defendant lacks information sufficient to form a belief regarding the allegations contained in this paragraph because plaintiff fails to provide sufficient information for defendant to identify the positions to which he refers and whether he applied for such positions. Defendant's merit promotion files for these positions, if they existed, have not been located and are presumed destroyed pursuant to the Agency's records retention schedule.

21. Defendant admits that its merit promotion files for the positions referenced in plaintiff's Complaint, if they existed, have not been located and are presumed destroyed pursuant to the Agency's records retention schedule.

22. Defendant admits the allegations contained in this paragraph.

23. Defendant lacks information sufficient to form a belief concerning the reasons why plaintiff may have "requested meetings and met with his supervisors" or for what "express purpose" plaintiff may have "initiated work on various research projects."

24. Defendant lacks information sufficient to form a belief as to the allegations contained in this paragraph because it is unclear to what meetings and what projects this paragraph is intended to refer.

25.     Defendant denies the allegations contained in the first sentence of this paragraph. Defendant is unable to respond to the allegations contained in the second and third sentences of this paragraph because the meaning of the terms "higher profile projects" and "career advancement opportunities" are vague and unclear and the paragraph does not identify the particular projects or individuals to which it refers.  Defendant denies that plaintiff was subjected to inequitable treatment with respect to work projects on the basis of his race, color, or national origin.

26.     Defendant denies the allegations contained in this paragraph.

27.     Defendant denies the allegations contained in this paragraph.

28.     Defendant denies the allegations contained in this paragraph, except admits that plaintiff met with Rodger Woock on December 2, 2005 and that Mr. Woock stated at that meeting that he would not promote plaintiff.

29.     Defendant admits that it was possible for Mr. Woock to recommend that plaintiff receive a promotion if plaintiff satisfied the applicable requisite criteria for promotion and that he did not do so.

30.     Defendant denies the allegations contained in this paragraph.

31.     This paragraph contains plaintiff's characterization of his Complaint and/or to conclusions of law to which no response is required.

## COUNT 1

32.     Defendant adopts and incorporates by reference its responses set forth in paragraphs 1-31.

33.     Defendant denies the allegations contained in this paragraph.

34. This paragraph contains plaintiff's characterization of his Complaint and/or to conclusions of law to which no response is required.

## COUNT 2

35. Defendant adopts and incorporates by reference its responses set forth in paragraphs 1-34.

36. Defendant denies the allegations contained in this paragraph.

37. This paragraph contains plaintiff's characterization of his Complaint and/or to conclusions of law to which no response is required.

## COUNT 3

38. Defendant adopts and incorporates by reference its responses set forth in paragraphs 1-37.

39. Defendant denies the allegations contained in this paragraph.

40. This paragraph contains plaintiff's characterization of his Complaint and/or to conclusions of law to which no response is required.

## DEMAND FOR JURY TRIAL

This paragraph contains plaintiff's request for jury trial to which no answer is required.

The unnumbered paragraph beginning with "Wherefore" contains plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever. Any relief would be limited by 42 U.S.C. Section 2000e-5(g)(2)(B).

Defendant specifically denies each and every allegation contained in plaintiff's Complaint not hereinbefore otherwise answered.

Having fully answered, defendant respectfully that this action be dismissed with prejudice , and defendant be awarded costs and such other relief as this Court deems appropriate.

Respectfully submitted,

\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


\_/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


\_\_ /s/ _____
WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
555 4th Street, N.W., E-4106
Washington, D.C. 20530


OF COUNSEL:
MICHAEL KRASNOW
Attorney
Federal Communications Commission